**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES DISTRICT JUDGE** | **CLARKSON S. FISHER COURTHOUSE**<br>**402 EAST STATE ST., ROOM 7000**<br>**TRENTON, NJ 08608**<br>609-989-2009 |

**Not for Publication**

**LETTER OPINION & ORDER**

July 31, 2014

**VIA CM/ECF**
All counsel of record

  Re:  *Just In Time Chemical Sales & Mktg., Inc., et al. v. Ironshore Specialty Ins. Co.*
     **Civil Action No. 13-7127 (MAS) (LHG)**

Dear Counsel:

  This declaratory judgment action stems from Plaintiff Just In Time Chemical Sales & Marketing, Inc.'s ("JIT") alleged negligent manufacture of chemicals used in a vinyl manufacturing process. In the Southern District of Ohio, The Kennedy Company ("Kennedy"), a vinyl barrier manufacturer, filed a third-party complaint against JIT alleging that, through its agents, it sold Kennedy defective chemical plasticizer compounds containing persistent off-gasing odor. (*See Hitt Contracting, Inc. v. Kinetics Noise Control, Inc.*, Civil No. 13-00413-PCE-NMK (S.D. Ohio) ("Ohio Action").)[1]

  While the Ohio Action was pending, on October 3, 2013, Plaintiffs JIT, Chemical Services, Inc. ("CSI"), and Stanley and Halyna Jakubowycz (collectively, "Plaintiffs") filed a verified declaratory judgment Complaint against Defendant Ironshore Specialty Insurance Company ("Defendant" or "Ironshore") in the Superior Court of New Jersey, Ocean County. On November 22, 2013, Defendant

---

[1] For the purposes of this motion, the Court takes judicial notice of the docket in the Ohio Action.

removed the case to this Court pursuant to 28 U.S.C. § 1441(b). Plaintiffs seek judgment declaring, in pertinent part, that their insurance policy requires Ironshore to defend and indemnify them in the Ohio Action and that Ironshore's defense must commence immediately. On December 20, 2013, the Ohio court dismissed the claims, without prejudice, pursuant to the parties' joint motion to dismiss. (Ohio Action, ECF Nos. 46-47.) Plaintiffs CSI and Stanley and Halyna Jakubowycz were not parties to the Ohio Action.

Now before the Court is Defendant's motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Def.'s Br., ECF No. 6.) Plaintiffs opposed the motion (Pls.' Opp'n, ECF No. 9) and Defendant replied (Def.'s Reply, ECF No. 11). The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and other good cause shown, the Court finds that it lacks subject matter jurisdiction of Plaintiffs' cause of action and, therefore, dismisses the Complaint.

### Plaintiffs' Declaratory Judgment Action is Moot

Defendant argues that the Ohio Action's dismissal renders the action for declaratory judgment moot because there is no longer an active controversy between the parties. (Def.'s Reply 3.) Although Plaintiffs' opposition to Defendant's motion to dismiss was filed *after* the Ohio Action was dismissed, their response centers on the "potential dismissal of the Ohio Action." (Pls.' Opp'n 2.)

A court may *sua sponte* dismiss a case on grounds of mootness. *See New Jersey Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 30 n.10 (3d Cir. 1985). Article III of the Constitution and the Declaratory Judgment Act permit a district court to issue a declaratory judgment "in a case of actual controversy." *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996); *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 351-52 (3d Cir. 1986). "[L]itigants will not satisfy the 'actual controversy' requirement when their dispute becomes moot prior to judicial resolution." *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1023-24 (3d Cir. 1980) (citation omitted). Thus, "[i]f developments occur during

the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit . . . , the case must be dismissed as moot." *Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2005 WL 1140689 (D.N.J. May 13, 2005) (citing *Blanciak*, 77 F.3d at 698-99); *see also Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979). Put simply, mootness divests a court of jurisdiction. *See Rogin v. Bensalem Twp.*, 616 F.2d 680, 684 (3d Cir. 1980); *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003).

The docket of the Ohio Action reflects that the case was voluntarily dismissed, without prejudice, and that the dismissal did not favor any party. Because Plaintiffs explicitly seek a declaration that Defendant must defend and indemnify them in the Ohio Action, the issue is now moot because there is no live case-or-controversy. As such, the Court cannot grant the requested relief. *See Blanciak*, 77 F.3d at 698-99; *cf. Terra Nova Ins. Co., LTD. v. 900 Bar, Inc.*, 887 F.2d 1213, 1226 (3d Cir. 1989). Accordingly, the Court lacks jurisdiction of Plaintiffs' declaratory judgment action and, Plaintiffs' Complaint is dismissed on grounds of mootness. *New Jersey Tpk. Auth.*, 772 F.2d at 30 n.10; *see also Access Ins. Co. v. Carpio*, 861 F. Supp. 2d 539, 542 (E.D. Pa. 2012) (dismissing complaint as moot in declaratory judgment action after dismissal of underlying litigation because, "[t]o the extent [Plaintiff] seeks a declaration that it does not have to indemnify [Defendant] for any damages she owes as a result of the Wagman [l]itigation[,] this issue is moot because there is no live case-or-controversy.").

**Declaratory Relief for Future Litigation is Not Ripe**

Although Plaintiffs' declaratory judgment Complaint was based solely on the outcome of the Ohio Action, they nevertheless ask the Court to grant declaratory relief for any potential claims raised against them. (Pl.'s Opp'n 4.) Specifically, Plaintiffs refer to an unspecified case that is allegedly pending in Alabama federal court. (*Id.* at 2.)

3

Plaintiffs' concern over future claims implicates "whether there exists a live case-or-controversy based on the ripeness of [the] claim." *Access*, 861 F. Supp. 2d at 542. Similar to the doctrine of mootness, a court may *sua sponte* dismiss a case on grounds of ripeness. *See Felmeister v. Office of Attorney Ethics*, 856 F.2d 529 (3d Cir. 1988). The ripeness doctrine controls whether a party has brought an action prematurely. *Pittsburgh Mack Sales & Serv., Inc. v. International Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009). For a claim to be ripe, there must be adverse interests between the parties. *Id*. at 191. "[A] potential harm that is 'contingent' on a future event occurring will likely not satisfy this prong of the ripeness test." *Id*. at 190. Thus, to establish adversity of interests as to a future event, "the plaintiff must demonstrate that the probability of that future event occurring is real and substantial, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (internal quotation marks omitted).

Plaintiffs do not sufficiently aver the risk of future litigation, especially as to Plaintiffs CSI and the Jakubowyczes, who currently have no claims against them and were not parties to the Ohio Action. Plaintiffs' bald request for relief "if any claims currently asserted against [JIT] or arising from those claims are asserted against Stan, Halyna, or CSI" (Pls.' Opp'n 3)—without demonstrating that the purported action is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment"—is insufficiently ripe for resolution. *Access*, 861 F. Supp. 2d at 543 (citation omitted); *see also Felmeister*, 856 F.2d at 538 (a court may dismiss a case on grounds of ripeness).[2]

---

[2] In any event, Plaintiffs' requested relief is solely based on the outcome in the Ohio Action. Plaintiffs cannot, in their motion papers, attempt to add allegations regarding a purported case pending in Alabama. *See Herbert v. Mentor*, No. 04-413, 2007 WL 2893387, at *5 (D.N.J. 2007) (citing *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007)).

It is therefore ORDERED that Plaintiffs' Complaint is DISMISSED for lack of subject matter jurisdiction. The Clerk shall terminate this action.

      /s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**